

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00081-CR

EDDIE LEE WARD                                                          APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On October 14, 2009, pursuant to a plea bargain, appellant Eddie Lee Ward pleaded guilty to indecency with a child,[2] a second-degree felony.[3] The trial court placed Ward on ten years' deferred adjudication community supervision and imposed a fine of $1,000. Less than two months later, the State

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 21.11(a) (West 2011).

[3]*See* Tex. Penal Code Ann. § 21.11(d) (West 2011).

filed a motion to adjudicate guilt, alleging that Ward had violated the terms and conditions of his community supervision in various ways. The State waived one paragraph and Ward pleaded true to five of the six paragraphs remaining in the State's petition. After the adjudication hearing, the trial court found that Ward had violated the terms and conditions of his community supervision, adjudicated his guilt, and sentenced him to fifteen years' confinement.[4]

Ward's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[5] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Ward has also filed a pro se response to the *Anders* brief.[6] In addition, the State has filed a brief, to which Ward also filed a reply brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v.*

---

[4]*See* Tex. Penal Code Ann. § 12.33 (West 2011).

[5]386 U.S. 738, 87 S. Ct. 1396 (1967).

[6]Ward's contentions include claims of actual innocence, ineffective assistance of counsel, and violations of due process and due course of law.

*State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, the State's brief, and Ward's responses to those briefs. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2011